By the Court.—Freedman, J.
This action, as *526 -pleaded, is for the recovery of damages for fraud and .deceit. Tort being the - whole groundwork of the .action, it is settled that the defendant has a constitutional right of trial by jury, of which neither the court ■nor any statute can deprive him, and that it is no ■answer to his claim of. such a trial to say that the plaintiff may fall back upon an implied promise (Townsend v. Hendricks, 40 How. Pr. 143, reversing S. C., 32 N. Y. Super. Ct. [2 Sweeny] 503).
The same right exists in an action to recover unliquidated damages for the breach of a contract (Ross v. Combes, 37 N. Y. Super. Ct. [5 J. & S.] 289).
The character of the action is determined by the .complaint, and it is only when the complaint sets forth ■an action on contract which is shown to involve the .examination of a long account, that the defendant cannot defeat a reference by a tender of an issue of fraud -in the transaction, and claiming damages by way of recoupment or counter-claim (Welsh v. Darragh, 52 N. Y. 590; Patterson v. Stettauer, 39 N. Y. Super. Ct. [7 J. & S.] 413).
The order should be reversed, with costs.
Curtis, Ch. J., concurred.